# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6858 | **DATE** | September 24, 2012 |
| **CASE TITLE** | Williams vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [4]) to proceed in forma pauperis is granted. Plaintiff's motion (Doc [5]) for appointment of counsel is denied. The Clerk of Court is directed to issue summons forthwith.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

Before the Court is pro se Plaintiff Areva Williams's ("Williams") motion to proceed in forma pauperis and for appointment of counsel. Williams filed this action against the City of Chicago and several individuals alleging deprivations of her civil rights, in violation of 42 U.S.C. § 1983. For the following reasons Williams's motion is granted in part and denied in part.

Williams's in forma pauperis application indicates that she currently lacks any source of income and that her assets do not exceed $1,000. Moreover, her liquid assets do not exceed $200. We grant her leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a).

Williams also seeks appointment of counsel. A civil litigant has no constitutional right to appointment of counsel. *See Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010). However, a court has broad discretion to appoint an attorney. 28 U.S.C. §1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In considering the merits of a motion filed under §1915(e)(1), a district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself. *Id.*

**(CONTINUED)**

## ORDER

      The second inquiry turns on the plaintiff's ability to litigate the case, in consideration of the level of complexity the case presents. *Pruitt,* 503 F.3d at 655. The facts underlying the complaint are not so complex that Williams, a high school graduate who has taken some college courses, could not effectively litigate the case. The legal issues raised in the complaint and the evidence that might support her claims are not so intricate that a trained attorney would be necessary. Furthermore, Williams provides a thorough time table of the alleged events serving as the basis for her claim. In light of these factors, the Court is convinced that Williams is capable of litigating her claims pro se. Accordingly, we deny her motion for appointment of counsel.

Date:  September 24, 2012

**CHARLES P. KOCORAS**
**U.S. District Judge**